MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
11 Park Place, Suite 817
New York, NY 10007
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anthony Hoskins,<br><br>                Plaintiff,<br><br>v.<br><br>The City of New York and Police Officers JOHN & JANE DOES 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown).<br><br>                Defendants. | Complaint<br><br>JURY TRIAL DEMANDED<br><br>Civ. No.: |

RECEIVED MAR 09 2015 U.S.D.C. S.D.N.Y. CASHIERS

### PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and New York City Police Officers John and Jane Does 1 through 10, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and New York state law by, *inter alia,* falsely imprisoning him and physically assaulting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

### JURISDICTION AND VENUE

1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide his New York state law claims of false arrest, assault and battery which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## NOTICE OF CLAIM

6. With respect to Plaintiff's state law claims against the City, a Notice of Claim was duly filed with the City of New York within 90 days after the Incident. The Incident took place on December 10, 2014 and Plaintiff's Notice of Claim was filed on December 24, 2014.

7. On March 4, 2015, Plaintiff appeared for a 50-h Hearing as demanded and required.

## PARTIES

8. Plaintiff Anthony Hoskins ("Plaintiff" or "Mr. Hoskins") is a fifty two (52) year old man who resides in New York County, City and State of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

2

10. The individual defendants are members of the New York City Police Department ("NYPD") who were so employed on December 10, 2014. The individual defendants were acting under color of state law in their capacities as members of the NYPD at all relevant times. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

11. The Incident that Plaintiff complains of took place on December 10, 2014, in New York County at about 5PM and in or near the vicinity of 101st Street and Manhattan Avenue.

12. At the time and place set forth above in ¶13, Plaintiff was lawfully walking with a friend after patronizing a nearby delicatessen when two individuals started running toward Plaintiff.

13. Plaintiff was then grabbed, slammed to the ground, punched in the face and kicked in the head before his assailants identified themselves as plainclothes NYPD officers.

14. Next, the plainclothes NYPD officers pulled Plaintiff up from the ground, handcuffed him and engaged in an impermissible search of Plaintiff's person, rummaging through his pockets.

15. One of the plainclothes NYPD officers told Plaintiff that he had "passed something" to someone else; then said Plaintiff had "thrown something on the ground."

16. Having found nothing on Plaintiff's person, the plainclothes NYPD officers looked around as Plaintiff complained of the manner in which he had just been assailed.

17. The plainclothes officers then told Plaintiff to "shut-up" when he requested their shield numbers, which they refused to provide Plaintiff with.

18. The plainclothes NYPD officers then left and Plaintiff went to Mount Sinai St. Luke's Emergency Room following the attack to seek medical treatment.

19. The next day, and as a result of the injuries he sustained during the Incident, Plaintiff began treating at William F. Ryan Community Health.

20. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, embarrassment, fear, anxiety, humiliation, degradation and physical injuries following the physical assault – all to his detriment.

## FIRST CLAIM
### *FALSE ARREST/FALSE IMPRISONMENT*

21. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

22. At all relevant times, Plaintiff did not commit a crime or violation.

23. Despite Plaintiff's innocence, the defendants falsely imprisoned Plaintiff without probable cause to do so.

24. Accordingly, defendants are liable to Plaintiff under the Fourth Amendment for false arrest/imprisonment.

## SECOND CLAIM
### *FAILURE TO INTERVENE*

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. The individually named JOHN and JANE DOE defendants had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights, but they failed to intervene.

27. Accordingly, each individually named JOHN and JANE DOE defendant is liable to Plaintiff under the Constitution for not intervening to prevent the violation of Plaintiff's rights.